**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**

Eastern District of Kentucky
FILED

JUN 25 2026

AT LONDON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES OF AMERICA**

**V.**                                          INDICTMENT NO. 6:26-CR-89-CHB-HAI

**BRIAN M. HITTLE**

* * * * *

**THE GRAND JURY CHARGES:**

**COUNT 1**
**21 U.S.C. § 846**

From on or about a date in January 2026, the exact date unknown, and continuing through on or about May 30, 2026, in Pulaski County, in the Eastern District of Kentucky, and elsewhere,

**BRIAN M. HITTLE**

conspired with others to knowingly and intentionally distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846.

Before **BRIAN M. HITTLE** committed the offense charged in this count, **BRIAN M. HITTLE** had a final conviction for a serious drug felony, namely, a conviction under KRS § 218A.1412, Trafficking in a Controlled Substance, First Degree, First Offense, over two (2) grams of methamphetamine, for which he served more than 12 months of

imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

**COUNT 2**
**21 U.S.C. § 841(a)(1)**

On or about January 21, 2026, in Pulaski County, in the Eastern District of Kentucky,

**BRIAN M. HITTLE**

did knowingly and intentionally possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

Before **BRIAN M. HITTLE** committed the offense charged in this count, **BRIAN M. HITTLE** had a final conviction for a serious drug felony, namely, a conviction under KRS § 218A.1412, Trafficking in a Controlled Substance, First Degree, First Offense, over two (2) grams of methamphetamine, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

**COUNT 3**
**21 U.S.C. § 841(a)(1)**

On or about May 30, 2026, in Pulaski County, in the Eastern District of Kentucky,

**BRIAN M. HITTLE**

did knowingly and intentionally possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

Before **BRIAN M. HITTLE** committed the offense charged in this count, **BRIAN**

**M. HITTLE** had a final conviction for a serious drug felony, namely, a conviction under KRS § 218A.1412, Trafficking in a Controlled Substance, First Degree, First Offense, over two (2) grams of methamphetamine, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

**COUNT 4**
**18 U.S.C. § 922(g)(1)**

On or about January 21, 2026, in Pulaski County, in the Eastern District of Kentucky,

**BRIAN M. HITTLE,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, that is, a Sig Sauer, Model P320, 9mm caliber pistol bearing serial number 581279076, and the firearm was in and affecting commerce, in violation of 18 U.S.C. § 922(g)(1).

**FORFEITURE ALLEGATIONS**
**21 U.S.C. § 853**
**18 U.S.C. § 924(d)(1)**
**28 U.S.C. § 2461**

1.      By virtue of the commission of the felony offense alleged in Counts 1-3 of the Indictment, **BRIAN M. HITTLE**, shall forfeit to the United States any and all property used, or intending to be used, to commit and to facilitate the commission of the violations of 21 U.S.C. §§ 841 & 846 and any and all property constituting proceeds obtained directly or indirectly as a result of the commission of the violations of 21 U.S.C. §§ 841 & 846. Any

and all interest that **BRIAN M. HITTLE** has in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2.    By virtue of the commission of the felony offense charged in Count 4 of the Indictment, **BRIAN M. HITTLE**, shall forfeit to the United States any and all firearms and ammunition involved in or used, or intending to be used, in the violation of 18 U.S.C. § 922. Any and all interest that **BRIAN M. HITTLE**, has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

3.    The property to be forfeited includes, but is not limited to, the following:

**FIREARMS AND AMMUNITION:**
a. Sig Sauer, Model P320, 9mm caliber pistol bearing serial number 581279076, seized on January 21, 2026;
b. UTG Pro, Model M4E1, AR-15 bearing serial number M4-0020539, seized on January 21, 2026;
c. Anderson Manufacturing, Model AM-15, AR-15 bearing serial number 24196883, and components, seized on January 21, 2026; and
d. All associated ammunition and accessories.

**U.S. CURRENCY:**
e. $1,706.00 in U.S. Currency seized on January 21, 2026.

4.    If any of the property listed above, as a result of any act or omission of the Defendant, (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL

FOREPERSON

JASON D. PARMAN
FIRST ASSISTANT UNITED STATES ATTORNEY

W. PEARCE NESBITT
ASSISTANT UNITED STATES ATTORNEY

## PENALTIES

### COUNTS 1–3

Not less than 10 years and not more than life imprisonment, not more than a $8,000,000 fine, and at least 8 years supervised release.

### COUNT 4

Not more than 15 years imprisonment, a $250,000 fine, and 3 years supervised release.

**PLUS:**      Mandatory special assessment of $100 per count.

**PLUS:**      Forfeiture of listed assets.

**PLUS:**      Restitution, if applicable.